[923 NYS2d 564]

In the Matter of DIANA M. VARGAS (Admitted as DIANA MONICA VARGAS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 26, 2011

*Robert A. Green,* Hauppauge (*Mitchell T. Borkowsky* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated August 3, 2009, containing three charges of professional misconduct. After a hearing on June 17, 2010, the Special Referee sustained all three charges. The Grievance Committee now moves for an order confirming the report of the Special Referee and imposing such discipline as the Court deems appropriate. The respondent has neither cross-moved nor served any papers in response.

Charge one alleges that the respondent violated her obligations as an attorney and fiduciary by drawing checks against her attorney trust account prior to the deposit of corresponding funds or before such funds were available for disbursement, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

In or about October 2007, the respondent represented David Singh and Danny Coronado as landlords with respect to a lease with Diego Blanco for premises in Central Islip. The respondent agreed to receive rental payments from Blanco and to remit them to the landlords.

On or about October 29, 2007, the respondent received Blanco's first payment under the lease, a personal check from Blanco dated October 29, 2007, in the sum of $5,000 payable to her as attorney.

On or about November 2, 2007, the respondent deposited Blanco's check into her attorney trust account. That day, the respondent drew a check in the sum of $1,600 payable to "Dave Singh" against the attorney trust account and delivered that check to Singh for her first remittance under the lease. Blanco's check had not yet cleared and the funds were not available for disbursement.

On or about November 2, 2007, the available balance in the attorney trust account was $42,151.92, consisting of funds being

held for six client matters unrelated to the lease. When the subject check to Singh was presented for payment on or about November 2, 2007, it was necessarily honored against unrelated client funds on deposit in the escrow account.

On or about November 7, 2007, Blanco's check was returned as unpaid by Citibank. On or about November 13, 2007, the respondent received a $5,000 replacement check. The respondent failed to deposit that check until approximately January 4, 2008. Between November 7, 2007 and January 4, 2008, the attorney trust account contained no funds related to the lease.

On or about December 12, 2007, the respondent drew a $4,000 check payable to "Dave Singh" against the attorney trust account and delivered it to Singh as a second remittance under the lease. When that check was presented for payment and honored on or about December 13, 2007, it was honored against unrelated client funds on deposit in the account.

On or about December 14, 2007, the respondent represented Tatiana Gonzalez at the closing of her purchase of real property. At the conclusion, Gonzalez was owed a refund of $3,312.94 from the seller due to an overpayment. The respondent was entrusted with a check from the lender's attorney for $3,312.94 payable to herself as attorney, which represented the refund due from the seller. The respondent failed to deposit that refund check until approximately December 31, 2007. Between approximately December 14, 2007 and December 31, 2007, the attorney trust account contained no funds related to the Gonzalez matter.

On or about December 20, 2007, the respondent drew a check in the sum of $3,312.94 payable to Gonzalez against the attorney trust account and delivered same to Gonzalez. When that check was honored on or about December 21, 2007, there were no funds on deposit in the attorney trust account corresponding to the Gonzalez matter. That check was necessarily honored against unrelated client funds on deposit in the account.

Charge two alleges that the respondent converted funds entrusted to her as a fiduciary to a use other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

In the fall of 2007, the respondent represented Anna Saldana and Felix Ortega in the sale of real estate. On or about October 14, 2007, the respondent received and deposited into her at-

torney trust account the $10,000 down payment for the Saldana/ Ortega real estate sale. On or about December 17, 2007, the respondent drew checks against the attorney trust account in the sum of $4,750 payable to Saldana and $4,750 payable to Ortega. At all times between approximately October 14, 2007 and December 17, 2007, the respondent should have maintained and preserved in the attorney trust account the sum of $10,000 on behalf of Saldana and Ortega. She was required to preserve and maintain in the attorney trust account all funds held on behalf of Saldana and Ortega until the aforesaid checks were honored. When the check to Saldana was presented for payment, it was not honored, as the respondent did not have sufficient funds in her attorney trust account.

Charge three alleges that the respondent engaged in conduct adversely reflecting on her fitness as a lawyer by violating her obligations as an attorney and fiduciary by drawing checks against her escrow account prior to the deposit of corresponding funds available for disbursement and by converting funds entrusted to her to a use other than that for which they were intended, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the allegations of charges one and two.

Based on the evidence adduced, the Special Referee properly sustained all three charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Special Referee emphasized the respondent's full cooperation in this matter, her genuine remorse, and her admission that she made mistakes and used poor judgment. Although fiduciary funds held by the respondent were converted, those funds were never drawn for the respondent's own use and there was no evidence that any money was stolen. Since the institution of charges, the respondent has reduced her workload and provided assurances that her bookkeeping lapses and errors in judgment would not recur.

The respondent's disciplinary history consists of an admonition dated December 10, 2002, for issuing checks against her escrow account without sufficient funds on deposit, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). That admonition was delivered personally to the respondent by the Chair of the Grievance Committee, "to impress upon her the seriousness of [her] misconduct in the face of [her] prior disciplinary record and the severity of pos-

sible consequences should such misconduct be repeated by [her] in the future."

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Diana M. Vargas, admitted as Diana Monica Vargas, is suspended from the practice of law for a period of one year, commencing May 26, 2011, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 28, 2011. In such application, the respondent shall furnish satisfactory proof that during that period she: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Diana M. Vargas, admitted as Diana Monica Vargas, shall desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Diana M. Vargas, admitted as Diana Monica Vargas, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).